**REESE LLP**
Michael R. Reese
*mreese@reesellp.com*
Sue J. Nam
*snam@reesellp.com*
100 West 93rd Street, 16th Floor
New York, New York 10025
Telephone: (212) 643-0500
Facsimile:  (212) 253-4272

**REESE LLP**
Charles D. Moore
*cmoore@reesellp.com*
100 South 5th Street, Suite 1900
Minneapolis, Minnesota 55412
Telephone: (212) 643-0500
Facsimile:  (212) 253-4272

*Counsel for Plaintiff and the Proposed Class*

United States District Court
Eastern District of New York

| | |
|---|---|
| Tracy McCarthy individually and on behalf of all others similarly situated | |
| Plaintiff | Case No. 22-cv-02384 |
| - against - | Class Action Complaint |
| Amazon.com, Inc. | Jury Trial Demanded |
| Defendant | |

Plaintiff Tracy McCarthy ("Plaintiff"), by her undersigned attorneys alleges upon information and belief, except for allegations pertaining to Plaintiff, which are based on personal knowledge:

## INTRODUCTION

1. Amazon is a vast internet-based enterprise that provides goods and services with respect to e-commerce, logistics, payment, hardware, data storage, and media, among other businesses.

2. Amazon Prime membership ("Prime membership") costs approximately $119 per year. According to Amazon, its Prime membership confers many shipping, shopping, streaming, reading, and other benefits. *See* https://www.amazon.com/primeinsider/about?ref=primenav_benefits.

3. One of the "benefits" included in a Prime membership is "Free Titles at Audible." *Id.*

4. Audible is a wholly owned subsidiary of Amazon.

5. Unfortunately for consumers, Prime membership does **not** actually include Audible for "free." Rather, Amazon charges consumers for Audible **for a monthly, recurring fee**. Indeed, Amazon surreptitiously enrolls its Prime members in a paid subscription to Audible through a process that deceives reasonable consumers, charging the consumers credit or debit cards without their permission or authority. As a result, many Prime members pay monthly subscription fees for Audible services that they never asked for and/or ever used.

6. Amazon also makes it exceedingly difficult for its Prime members to discontinue the Audible service once a consumer discovers the improper charges. Amazon then limits refunds of those monthly subscription fees to its Prime members to only a few months of charges, refusing to refund all the money that was improperly taken.

7. Amazon's misconduct constitutes violations of New York's General Business Law ("GBL") §§ 349 and 350.

## JURISDICTION AND VENUE

8. Jurisdiction is proper pursuant to 28 U.S.C. § 1332(d)(2).

9. Upon information and belief, the aggregate amount in controversy is more than $5,000,000.00, exclusive of interests and costs.

10. This court has personal jurisdiction over Defendant because it conducts and transacts business within New York and contracts to supply and supplies goods within New York.

11. Venue is proper because a substantial part of the events and omissions giving rise to the claims occurred in this District.

## PARTIES

12. Plaintiff McCarthy is a citizen of Holbrook, New York in Suffolk County.

13. Defendant Amazon.com, Inc. is a Delaware corporation with a principal place of business in Seattle, Washington.

14. During the relevant statutes of limitations, Plaintiff purchased a Prime membership within her district for her personal use. Plaintiff was charged, without her knowledge or approval, $14.95 per month for Audible for a total of approximately $448.50.

## SUBSTANTIVE ALLEGATIONS

15. Prime members must provide to Amazon a payment method to be maintained on file in the member's "Wallet." Payment methods include credit cards, debit cards, and personal checking accounts. One payment method must be selected as the member's "default" payment method, and that default method allows Amazon to charge that method for any digital purchases, including Audible subscriptions.

16. Amazon promotes its Audible services on its Amazon website, app, and on its Kindle platforms. Prime members, in particular, are targeted for enrollment in a subscription to Audible through a process that is not clear to members. Many Prime members have no idea that Audible is

not free with their Prime membership and inadvertently enroll in a paid subscription to Audible. Other Prime members have no idea how they were signed up for Audible until they later see Audible's monthly charges.

17. Audible membership is not adequately disclosed to the Prime members. For example, if a Prime member inadvertently enrolls in Audible, the Prime member does not receive any conspicuous materials from Audible by email confirming enrollment and then notifying of monthly charges. In other instances, Prime members unsubscribe, yet continue to be charged across the various payment methods in the Prime members' "Wallet."

18. There have been thousands of complaints about this deceptive practice.

19. On Amazon's own forum, Patricia C. stated:

> I was charged $14.95 audible charge to my checking account. It is called a gold membership order number. I have never authorized this charge, plus I never signed up for this membership plus the address is incorrect.
>
> You tried to charge me before on a credit card and I finally had all cancelled and removed then I removed the card it was charged on
>
> Now you went to my checking account and charged me $14.95 I have never signed up for this membership and the order number. Please cancel this order and remove me permanently from this membership I have since wiped and removed all my credit cards and banking accounts from this system. This is the second time this has been done. I gave no authorization for a, one time click payment, for my accounts to be charged
> Please respond Thank you

https://www.amazonforum.com/s/question/0D54P00007Ph1BJ/i-have-a-question-about-an-audible-charge-on-my-account)

20. On Reddit, there are numerous postings about unauthorized charges like the following:

> I renewed my prime with a trial because I let it go for awhile to save some money. A few days later audible is charging me 16.99... I didn't sign back up for audible or anything. Is this something automatic when you sign up prime?

3

21. On Sitejabber, a leading online destination for customer ratings and reviews of businesses, there are hundreds of reviews warning consumers about Audible's unauthorized charges.

22. Kyle D. wrote on April 6, 2021:

> As others have written, DO NOT SUBSCIBE TO AUDIBLE! Even after confirming being unsubscribed on multiple occasions over multiple months, it keeps charging! This is horrible practice on the part of auduble/amazon and its only a matter of time before someone digs deeper in this shady financial malpractice given the number of reviews im finding saying the same thing. Again, to reiterate, this is with confirmation of unsubscribing, it continues to charge.

23. Jane P. wrote on March 13, 2021:

> I had an account on amazon prime to watch movies and cancelled it in July 2020, then I noticed I kept getting emails from amazon audible and thought nothing of it until I checked my credit card account and found they had been charging me for this service since December 2020 and a few more payment transactions in 2021 for a subscription I never signed up for. I have all the emails to show that I cancelled amazon in July 2020 yet how could a company take your details and sign you up to a service that you did NOT authorize! It is illegal.

24. Linoel L. wrote on November 3, 2020:

> I've never used audible, never logged in, never bought anything from them. I did the Amazon Prime free trial tho, and for some reason these guys charged my credit card $16.18. STAY AWAY

25. Michael K. wrote on March 7, 2020:

> I do not have an audible account but was charged for a monthly subscription. Audible claimed my credit card was a default backup credit card because my wife had used that credit card for a purchase on Amazon a year ago. Amazon stored my credit card information then provided it to Audible so Audible could charge my card without my authorization or knowledge, seem illegal to me...

26. Laura P. on March 4, 2020 wrote:

> I've had an amazon prime account for years. NEVER ordered, authorized or accepted an audible account. Was charged on Sunday, called, complained and had it refunded. Immediately after refunding, they charged my sons account (his debit card was removed from my account a couple of months ago.) Not only did they charge him, they obviously save debit cards that have been used (he bought a gift for his girlfriend which is the only reason his card was ever on my account) Investigation opened, they have so many complaints, class action law suits... Amazon needs to quit partnering with them. WATCH YOUR ACCOUNTS CLOSELY.

27. Because Prime members are not clearly informed about their enrollment to Audible or the monthly charges for Audible subscriptions, it can take months or years before Prime members discover that they have been or continue to be enrolled, and it can take months for Prime members to stop their unwanted subscription. However, rather than refund the entirety of the unwanted subscription charges, Amazon limits the amount of subscription payments it will refund and/or the time period for which it will refund. As a result, many Prime members are charged for months of Audible subscriptions they did not want and did not use.

## **CLASS ALLEGATIONS**

28. Plaintiff brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. Plaintiff brings this action on behalf of:

> All persons in New York were charged for Audible services from April 26, 2019 to the date of judgment.

(the "Class").

29. Excluded from the Class are officers and directors of Defendant, members of the immediate families of the officers and directors of Defendant, and their legal representatives, heirs, successors or assigns and any entity in which they have or have had a controlling interest.

30. Common questions of law or fact predominate and include whether the

5

representations were likely to deceive reasonable consumers and if plaintiff(s) and class members are entitled to damages.

31. Plaintiff's claims and the basis for relief are typical to other members because all were subjected to the same representations.

32. Plaintiff are adequate representatives because their interests do not conflict with other members.

33. No individual inquiry is necessary because the focus is only on Defendant's practices and the class is definable and ascertainable.

34. Individual actions would risk inconsistent results, be repetitive and are impractical to justify, as the claims are modest.

35. Plaintiff's counsel are competent and experienced in complex class action litigation and intends to adequately and fairly protect class members' interests.

36. Plaintiff seeks class-wide injunctive relief because Defendant's deceptive practices continue.

**CAUSES OF ACTION**

**FIRST CAUSE OF ACTION**
**VIOLATION OF NEW YORK GBL § 349**

**(On Behalf of Plaintiff and Other Class Members)**

37. Plaintiff repeats and realleges each and every allegation contained in all the foregoing paragraphs as if fully set forth herein.

38. New York General Business Law Section 349 ("GBL § 349") declares unlawful "[d]eceptive acts or practices in the conduct of any business, trade, or commerce or in the furnishing of any service in this state . . ."

39. The conduct of Defendant alleged herein constitutes recurring, "unlawful" deceptive

acts and practices in violation of GBL § 349, and as such, Plaintiff and the other Class Members seek monetary damages and the entry of preliminary and permanent injunctive relief against Defendant, enjoining it from inaccurately describing, labeling, marketing, and promoting Audible.

40. Defendant misleadingly, inaccurately, and deceptively presents its services to consumers.

41. Defendant's improper consumer-oriented conduct is misleading in a material way in that, *inter alia*, Plaintiff and other Class Members were charged for Audible.

42. Defendant made its untrue or misleading statements and representations willfully, wantonly, and with reckless disregard for the truth.

43. Plaintiff and other Class Members have been injured inasmuch as they were charged for Audible. Accordingly, Plaintiff and other Class Members were injured in that they were charged for a service that was advertised as "free".

44. Defendant's deceptive and misleading practices constitute a deceptive act and practice in the conduct of business in violation of New York General Business Law §349(a) and Plaintiff and other members of the Class have been damaged thereby.

45. As a result of Defendant's recurring deceptive acts and practices, Plaintiff and other Class Members are entitled to monetary and compensatory damages, injunctive relief, restitution and disgorgement of all moneys obtained by means of Defendant's unlawful conduct, interest, and attorneys' fees and costs. This includes actual damages under GBL § 349, as well as statutory damages of $50 per charge pursuant to GBL § 349 and increased statutory penalties.

## SECOND CAUSE OF ACTION
## VIOLATION OF NEW YORK GBL § 350

### (On Behalf of Plaintiff and Other Class Members)

46. Plaintiff repeats and realleges each and every allegation contained in all the foregoing paragraphs as if fully set forth herein.

47. N.Y. Gen. Bus. Law § 350 provides, in part, as follows:

> False advertising in the conduct of any business, trade or commerce or in the furnishing of any service in this state is hereby declared unlawful.

48. N.Y. Gen. Bus. Law § 350a(1) provides, in part, as follows:

> The term 'false advertising, including labeling, of a commodity, or of the kind, character, terms or conditions of any employment opportunity if such advertising is misleading in a material respect. In determining whether any advertising is misleading, there shall be taken into account (among other things) not only representations made by statement, word, design, device, sound or any combination thereof, but also the extent to which the advertising fails to reveal facts material in the light of such representations with respect to the commodity or employment to which the advertising relates under the conditions proscribed in said advertisement, or under such conditions as are customary or usual . . .

49. Defendant's labeling and advertisements contain untrue and materially misleading statements concerning Audible inasmuch as they misrepresent that the service is free.

50. Plaintiff and other Class Members have been injured inasmuch as they relied upon the free representations but were charged for the service which, contrary to Defendant's representations, was false and deceptive. Accordingly, Plaintiff and other Class Members received less than what they bargained or paid for.

51. Defendant's advertising caused the Plaintiff and Class Members to be charged for Audible when they believed it was free.

8

52. Defendant made the untrue and misleading statements and representations willfully, wantonly, and with reckless disregard for the truth.

53. Defendant made the material misrepresentations described in this Complaint in Defendant's advertising.

54. Defendant's material misrepresentations were substantially uniform in content, presentation, and impact upon consumers at large. Moreover, all consumers charged for Audible were and continue to be exposed to Defendant's material misrepresentations.

55. As a result of Defendant's recurring, acts and practices in violation of GBL § 350, Plaintiff and Class Members are entitled to monetary and compensatory damages, injunctive relief, restitution and disgorgement of all moneys obtained by means of Defendant's unlawful conduct, interest, and attorneys' fees and costs as well as statutory damages of $500 per charge and increased statutory penalties.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays for judgment:

1. Declaring this a proper class action, certifying Plaintiff as representative and the undersigned as counsel for the Class;

2. Declaring that Defendant is financially responsible for notifying the Class members of the pendency of this suit;

3. Entering preliminary and permanent injunctive relief by directing Defendant to correct such practices to comply with the law;

4. Awarding monetary damages, including statutory damages, and interest;

5. Awarding punitive damages;

6. Awarding costs and expenses, including reasonable fees for Plaintiff's attorneys; and

7. Such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiff demands a jury trial on all issues.

Dated: April 26, 2022

Respectfully submitted,

**REESE LLP**

*/s/ Michael R. Reese*
Michael R. Reese
*mreese@reesellp.com*
Sue J. Nam
*snam@reesellp.com*
100 West 93rd Street, 16th Floor
New York, New York 10025
Telephone: (212) 643-0500
Facsimile: (212) 253-4272


**REESE LLP**
Charles D. Moore
*cmoore@reesellp.com*
100 South 5th Street, Suite 1900
Minneapolis, Minnesota 55412
Telephone: (212) 643-0500
Facsimile: (212) 253-4272

*Counsel for Plaintiff
and the Proposed Class*