**REESE LLP**
Sue J. Nam
*snam@reesellp.com*
Michael R. Reese
*mreese@reesellp.com*
100 West 93rd Street, 16th Floor
New York, New York 10025
Telephone: (212) 643-0500

**REESE LLP**
Charles D. Moore
*cmoore@reesellp.com*
100 South 5th Street, Suite 1900
Minneapolis, Minnesota 55412
Telephone: (212) 643-0500


*Counsel for Plaintiff and the Proposed Class*

United States District Court
Eastern District of New York

| | |
|---|---|
| Tracy McCarthy, individually and on behalf of all others similarly situated, | |
| Plaintiff | Case No. 2:22-cv-02384-KAM-SIL |
| - against - | First Amended Class Action Complaint |
| Amazon.com, Inc. and Audible, Inc., | Jury Trial Demanded |
| Defendants | |

Plaintiff Tracy McCarthy ("Plaintiff"), on behalf of herself and others similarly situated, bring this First Amended Complaint against defendants Amazon.com, Inc. ( "Amazon") and Audible, Inc. ("Audible") (collectively, "Defendants"). On the basis of personal knowledge, information and belief, and investigation of counsel, Plaintiff alleges as follows:

## INTRODUCTION

1. Amazon is a vast internet-based enterprise that provides goods and services with respect to e-commerce, logistics, payment, hardware, data storage, and media, among other businesses.

2. Audible is a wholly owned subsidiary of Amazon. It provides downloadable and streaming audio content. Amazon promotes Audible on its Amazon website, app, and on its Kindle platforms.

3. According to Amazon, its Prime membership confers many shipping, shopping, streaming, reading, and other benefits. Amazon Prime membership costs approximately $119 per year. One of the "benefits" that Amazon touted as included in a Prime membership was "Free Titles at Audible." Amazon stated: "Prime members are invited to start an Audible Premium Plus trial with 2 credits that can be used on any titles." After the commencement of this litigation, Amazon removed this language from its website and made other substantive changes.

4. Although there may be multiple ways that Amazon tricked its customers into paying for an unwanted Audible membership, one way was by Amazon providing "credits" as a so-called "benefit" of being a Prime member. When Prime members redeemed those "credits" for an audio version of a book they wished to purchase, they were unknowingly enrolled by Defendants into Audible's membership services for a monthly fee without any clear and conspicuous notice of such enrollment.

5. Defendants made it exceedingly difficult for Amazon customers to discover and/or

cancel an Audible membership. Defendants also limited refunds of continuous, monthly charges for an Audible membership. As a result, many Amazon customers paid monthly fees for Audible services that they never asked for and never used.

6. Defendants' misconduct constitutes violations of New York's General Business Law ("GBL") §§ 349 and 350.

## JURISDICTION AND VENUE

7. Jurisdiction is proper pursuant to 28 U.S.C. § 1332(d)(2).

8. Upon information and belief, the aggregate amount in controversy is more than $5,000,000.00, exclusive of interests and costs.

9. This court has personal jurisdiction over Defendants because they conduct and transact business within New York and supply goods and services within New York.

10. Venue is proper because a substantial part of the events, misleading representations, and material omissions giving rise to the claims occurred in this District.

## PARTIES

11. Plaintiff McCarthy is a citizen of Holbrook, New York in Suffolk County.

12. Defendant Amazon is a Delaware corporation with a principal place of business in Seattle, King County, Washington.

13. Defendant Audible is a wholly owned subsidiary of Amazon. Amazon completed its acquisition of Audible on or about March 20, 2008. Audible claims it "is the leading creator and provider of premium audio storytelling" and "the largest producer of audiobooks in the world." *See* https://www.audible.com/about. Audible is headquartered in Newark, New Jersey.

14. During the relevant statutes of limitations, Plaintiff purchased a Prime membership on an annual basis within this District for her personal use, and she was unknowingly subscribed to

Audible through her Amazon account.

## SUBSTANTIVE ALLEGATIONS

15. Amazon customers must provide to Amazon a payment method to be maintained on file in the customer's "Wallet." Payment methods include credit cards, debit cards, and personal checking accounts. One payment method must be selected as the customer's "default" payment method, and that default method allows Amazon to charge that method for any purchases including one-time purchase of digital content or a membership to services like Audible.

16. Amazon promotes its Audible services on its Amazon website, app, and on its Kindle platforms. Prime members, in particular, are targeted for enrollment in a subscription to Audible through a process that is deceptive.

17. Many Amazon customers have no idea that Amazon has enrolled them in a paid membership to Audible until they later discovery the monthly charges on their credit card, debit card, or checking accounts stored in their Amazon Wallet.

18. Enrollment into an Audible membership is not adequately disclosed to Amazon customers. For example, Amazon customers do not receive conspicuous written materials from Amazon and/or Audible confirming enrollment or notifying them of monthly charges. Charges also are identified on credit card or bank statements as originating from Amazon, not Audible. In other instances, Amazon customers unsubscribe to Audible, yet continue to be charged across the various payment methods in the customers' Amazon Wallet.

19. There have been thousands of complaints about this deceptive practice.

20. On Amazon's forum, Patricia G. stated:

> I was charged $14.95 audible charge to my checking account. It is called a gold membership order number. I have never authorized this charge, plus I never signed up for this membership plus the address is incorrect.
>
> You tried to charge me before on a credit card and I finally had all cancelled and

removed then I removed the card it was charged on

Now you went to my checking account and charged me $14.95 I have never signed up for this membership and the order number. Please cancel this order and remove me permanently from this membership I have since wiped and removed all my credit cards and banking accounts from this system. This is the second time this has been done. I gave no authorization for a, one time click payment, for my accounts to be charged
Please respond Thank you

https://www.amazonforum.com/s/question/0D54P00007Ph1BJ/i-have-a-question-about-an-audible-charge-on-my-account)

21. On Reddit, there are numerous postings about this improper practice, including:

.I renewed my prime with a trial because I let it go for awhile to save some money. A few days later audible is charging me 16.99... I didn't sign back up for audible or anything. Is this something automatic when you sign up prime?

22. The following post is also on Reddit:

I have never signed up or even been to their website but had a withdraw from my bank account for a month of audible. I called audible and my bank, they returned my money in 3 days. I don't know how they got my card numbers but I let it go and forgot all about it. My Mother in law called me today and she is also being charged monthly for a subscription to audible that she has never heard of. I'm just curious if anyone else has this issue. When I googled it I found that this is common for this company to do. I would just like to know how they manage to get my card information, wish and Amazon are the only places that have my card info.

23. On Sitejabber, a leading online destination for customer ratings and reviews of

businesses, there are hundreds of reviews warning consumers about Audible's unauthorized charges.

24. Jane P. wrote on March 13, 2021:

I had an account on amazon prime to watch movies and cancelled it in July 2020, then I noticed I kept getting emails from amazon audible and thought nothing of it until I checked my credit card account and found they had been charging me for this service since December 2020 and a few more payment transactions in 2021 for a subscription I never signed up for. I have all the emails to show that I cancelled amazon in July 2020 yet how could a company take your details and sign you up to a service that you did NOT authorize! It is illegal.

25. Lionel L. wrote on November 3, 2020:

I've never used audible, never logged in, never bought anything from them. I did the Amazon Prime free trial tho, and for some reason these guys charged my credit card $16.18. STAY AWAY

26. Michael K. wrote on March 7, 2020:

I do not have an audible account but was charged for a monthly subscription. Audible claimed my credit card was a default backup credit card because my wife had used that credit card for a purchase on Amazon a year ago. Amazon stored my credit card information then provided it to Audible so Audible could charge my card without my authorization or knowledge, seem illegal to me...

27. Laura P. on March 4, 2020 wrote:

I've had an amazon prime account for years. NEVER ordered, authorized or accepted an audible account. Was charged on Sunday, called, complained and had it refunded. Immediately after refunding, they charged my sons account (his debit card was removed from my account a couple of months ago.) Not only did they charge him, they obviously save debit cards that have been used (he bought a gift for his girlfriend which is the only reason his card was ever on my account) Investigation opened, they have so many complaints, class action law suits... Amazon needs to quit partnering with them. WATCH YOUR ACCOUNTS CLOSELY.

28. There are hundreds of complaints to the Better Business Bureau about Audible's unauthorized subscription and charges. *See* https://www.bbb.org/us/nj/newark/profile/digital-media/audible-0221-7000151/complaints. The following are just some of the complaints initiated in 2022 alone:

29. On October 24, 2022, the following complaint was lodged:

My bank account continues to be charged for Audible even though I have never signed up for the service. Because we didnt sign up, we can provide none of the information Audible \*\*\*\*\*\*\*\*\*\*\*\*\*\*\* asks for, so they say they cannot cancel the subscription. They want us to give them the email address to whomever has signed up using our bank information. None of our emails are recognized as the email linked to this mysterious account. They suggested we cancel our card, which we have done no fewer than three time, and we just got billed again for the service. We do not know what to do to stop this subscription we never signed up for. We cannot afford any extra charges to our account.

30. On October 17, 2022, the following complaint was lodged:

Audible has been charging a subscription fee to a credit card connected to our Amazon Prime account since November 2021. This is the third time since 2014

that we've caught a subscription started and charged without our knowledge. The company was not able to offer me an explanation as to how they claim the subscription was started. While they immediately refunded all of the fees charged in the past 12 months, I'm still concerned about the company practices in absence of an explanation as to how the subscription was begun.

31. On May 23, 2022, the following complaint was lodged:

I received my credit card account statement today May 23.There is a May 02 charge on it for ****** from Audible Amzn.com/**** **.I do not have an Audible membership and have not ordered anything from Audible. Audible is associated with Amazon so I called Amazon and they have promised to refund my credit card.

32. On March 24, 2022, the following complaint was lodged:

I have been paying about $15 per month for years for an Audible membership I do not remember signing up for. My husband and I use the same credit card and I thought it was something he had subscribed to. I found out at toward the end of **** that he had not subscribed! I never recall signing up and absolutely had never used it. I went onto Amazon's website and cancelled, but it said I should use the credits I had earned before I cancelled. I picked out some things and thought I did everything right to cancel. I discovered yesterday they never cancelled me! They have still been charging me a monthly fee! Shame on me for not looking at every line item on my credit card. Today I cancelled for sure, and did not opt to "use the credits I have earned before canceling" for fear that I would again NOT BE CANCELLED! I checked email to be sure I got an email saying I had cancelled. I did, indeed, get that email. Then I searched on that email address to see when it was that I had cancelled (it looks like Nov or Dec of 2020). THEN, I kept scrolling down and it goes all the way back to 2011! I can't believe it! I am furious. Somehow, I was signed up for Audible in 2011, and have been paying about $15 a month since then! I consider it deceptive business practice to do this. I would like a refund or at least an Amazon gift card to make good on this. Even if I round down to 10 years and 0 months since this all started, at $15 a month, that's $1,800.

33. On March 10, 2022, the following complaint was lodged:

I realized that I am being charged monthly for a service I have never signed up for on Audible.com. I think I may have signed up for a trial over FIVE YEARS ago-- the charges are the last four months. I called the company and was told my address didn't match a billing address they had for me, and that there was nothing they could do unless I could provide that address. This is completely absurd. Audible is guilty of fraud. I am looking for these charges to be stopped and my card refunded.

34. On January 25, 2022, the following complaint was lodged:

My complaint regards a company called Audible. I happened to be looking at my Amazon subscriptions yesterday when I noticed I was being billed for this service. I guess Im remiss in not scrutinizing my monthly Chase-*********** statements more closely but I use the card almost exclusively for Amazon purchases. It looks like Ive been billed $14.95 a month for this service since May 2021. I dont recall ever signing up for even a free trial. Ive never used the service. Ive never listened to an audiobook. I recall Amazon notifying me periodically that I had Audible

credits available but assumed they were a freebie for buying so much stuff. I immediately unsubscribed from the service once I discovered it but would appreciate reimbursement for what I consider to be fraudulent charges. I can scan and attach all my monthly credit card statements if needed but the charges should be easy enough to verify through the company, ********** or Amazon.

35. Because Amazon customers are not clearly informed about their enrollment to Audible or the monthly charges for the Audible membership, it can take months, if not years, before Amazon customers discover that they have been enrolled and cancel their Audible membership. However, rather than refund the entirety of the unwanted membership charges, Defendants limit the amount of monthly payments it will refund or the time period for which it will refund, and/or require information that is difficult to provide. As a result, many Amazon customers are and were charged for months of Audible membership they did not want and did not use.

**Plaintiff's Experience**

36. On or about February 13, 2011, Ms. McCarthy became an Amazon Prime member.

37. On or about October 13, 2018, when Ms. McCarthy attempted to purchase a book on Amazon, she was offered an "Audiobook" version of that book and was prompted to use her "credits" to purchase that audiobook. Ms. McCarthy selected the audio version of the book, using her "credits," and she was charged $0.00. However, Ms. McCarthy was not clearly and conspicuously informed that when she used "credits" to purchase that audiobook, she would be automatically enrolled in a membership to Audible.

38. Ms. McCarthy did not capture an image of the screen at the time of her prior purchases, as she did not anticipate litigation. However, upon information and belief, the screenshot below is substantially similar to Amazon's user interface when Ms. McCarthy purchased her audiobook, albeit for a different book.



39. Ms. McCarthy did not notice or read any "Conditions of Use" and does not have access to the text of "Conditions of Use" as of October 13, 2018 when she used "credits" to purchase the audiobook version of the book she wanted.

40. On the same day she used "credits" to purchase an audiobook on Amazon's website, Amazon provided Ms. McCarthy's information to Audible who then enrolled her in a "free" trial membership.

41. After the 30-day trial period, Ms. McCarthy was charged $14.95 per month starting on November 13, 2018 and continuing every month thereafter until March 17, 2022 for a total of $598.00. The same credit card on file with Amazon was used to charge her monthly for the Audible membership.

42. Ms. McCarthy was not adequately informed that, by using "credits" on her Amazon account, she would be enrolled in an Audible membership. She did not want to be enrolled in an

Audible membership. She never affirmatively authorized Audible to enroll her in an Audible membership, either as a "free" trial or as a paid subscription. She never used Audible's membership services.

43. Because Ms. McCarthy was not provided clear and conspicuous notice that she had been enrolled in an Audible membership, she was unaware that she was required to take steps to cancel the membership prior to November 13, 2018 or would be charged on a monthly basis indefinitely for the unknown, unwanted, unauthorized, and unused Audible membership.

44. Ms. McCarthy was unaware that she was enrolled in an Audible membership until March 2022, after which she immediately notified Audible and cancelled the membership.

45. Had Defendants clearly and conspicuously informed Plaintiff that selecting to use "credits" would result in her being enrolled in an Audible membership, she would have either: 1) not used the "credits"; and/or 2) taken steps to cancel the Audible membership before she was charged for it. As a direct result of Defendants' actions, Plaintiff was charged a fee of $14.95 per month, for a total of $598.00.

## FED. R. CIV. P. 9(b) ALLEGATIONS

46. Rule 9(b) of the Federal Rules of Civil Procedure provided that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." To the extent necessary, as detailed in the paragraphs above and below, Plaintiff has satisfied the requirements of Rule 9(b) by establishing the following elements with sufficient particularity.

47. **WHO:** Amazon and Audible.

48. **WHAT:** Amazon offered Prime members "credits" as a "benefit" for being Prime members. Amazon then offered Prime members the option to use those "credits" to purchase an audio version of a book for $0.00. However, Amazon customers can also buy an audiobook without

First Amended Class Action Complaint
Case No. 2:22-cv-02384-KAM-SIL
9

triggering a membership to Audible if they simply purchase the book for the listed price. The manner in which the option of using "credits" or dollars to purchase an audiobook gave rise to Amazon's duty to disclose clearly and conspicuously that "credits" are not equivalent to the listed dollar amount. *See* below with relevant content circled.



49. Amazon failed to clearly and conspicuously inform their customers that when they use "credits" rather than dollars to purchase an audiobook, Amazon will pass along the customer's information—including payment information—to Audible and Audible will then enroll the customer into a trial membership for Audible's subscription services that automatically turns into a paid monthly membership without notice to the Amazon customer.

50. Amazon had a duty to disclose this information because it had exclusive knowledge that the so-called "credits" are not actually "credits," as reasonable consumers would understand that term.

51. Both Amazon and Audible actively concealed material information regarding the enrollment of Amazon customers into Audible's membership:

- Amazon, with whom its customers had a direct relationship, never communicated to Plaintiff or other Class members in any clear and conspicuous manner that they would be enrolled in Audible's membership when they used "credits" on their Amazon account.

- Amazon, with whom its customers had a direct relationship, never provided any clear

and conspicuous information to Plaintiff and other Class members about how to cancel the Audible membership.

- The monthly charges for the Audible membership were made on cards and/or bank accounts on file with Amazon. Statements for these cards and/or bank accounts identified only Amazon as the payee and did not indicate that the charges were for Audible's monthly membership fee.

- Audible charged the cards and/or bank accounts on file with Amazon on a monthly basis without providing clear and conspicuous notice of the recurring charge and without obtaining the affirmative consent and agreement from Plaintiff and other Class members prior to charging them.

52. Because Defendants failed to adequately disclose to Plaintiff and other Class members that they would be enrolled in Audible's membership by using "credits" on their Amazon account, Plaintiff and other Class members did not take actions to cancel the unknown, unwanted, unauthorized, and unused membership in Audible. If the omitted information had been available to Plaintiff and other Class members, they would have been aware of it and behaved differently, *i.e.*, they would have either 1) not selected to use "credits"; and/or 2) taken steps to cancel the Audible membership before they were charged for it.

53. As a direct result of Defendants' misleading statements and material omissions, Plaintiff and other Class members were charged monthly fees for Audible's membership they did not know about, did not want, did not authorize, and did not use.

54. **WHEN:** From the Amazon customer's enrollment in a membership to Audible through Amazon until cancellation of the unwanted, unauthorized, and unused Audible membership.

55. **WHERE:** Amazon's website or app.

56. **HOW:** Amazon has its customers' personal information, including credit cards, debit cards, or checking accounts, on file. Amazon passed that information to Audible to allow Audible to enroll Amazon customers in a "free" trial membership, then charge them recurring, monthly membership fees after the initial trial period.

57. **WHY:** Defendants profited by the conduct described above by charging Amazon customers no less than $14.95 per month for an Audible membership that they did not want, know about, authorize, or use. Amazon customers unwittingly paid far more in monthly charges for a membership to Audible than they ever would have paid for one-time purchases of audiobooks.

## TOLLING OF STATUTES OF LIMITATION

58. Because Defendants actively concealed material information regarding the enrollment of Amazon's customers in memberships to Audible, Plaintiff and other Class members were not able to discover their enrollment, despite the exercise of reasonable due diligence. Under the discovery rule, the statute of limitations does not begin to run until the time individuals could have reasonably discovered that they may have a basis for an actionable claim. That rule is applicable to the claims asserted by Plaintiff and other Class members.

59. Any applicable statute of limitation is tolled by Defendants' knowledge, active concealment, and denial of the facts alleged herein. Defendants are further estopped from relying on any statute of limitation because of their concealment.

60. Defendants are estopped from relying upon any statutes of limitations or statutes of repose by reason of their fraudulent and negligent misrepresentations, suppression, and concealment of material facts, and any applicable statutes of limitations and/or repose are tolled by such conduct.

## CLASS ALLEGATIONS

61. Plaintiff brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. Plaintiff brings this action on behalf of:

> All persons in New York who were enrolled in an Audible membership through Amazon and who were charged for, but did not use, Audible's membership services from March 20, 2008 to the date of judgment.

(the "Class").

62. Excluded from the Class are officers and directors of Defendants, members of the immediate families of the officers and directors of Defendants, and their legal representatives, heirs, successors or assigns and any entity in which they have or have had a controlling interest.

63. Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of her claims on a class-wide basis using the same evidence as individual Class members would use to prove those elements in individual actions alleging the same claims.

64. This action is brought and may properly be maintained as a class action pursuant to Federal Rule of Civil Procedure 23. This action satisfies the numerosity, typicality, adequacy, predominance, and superiority requirements of those provisions.

65. The Class is so numerous that the individual joinder of all of its members is impracticable. Due to the nature of the trade and commerce involved, Plaintiff believes that the total number of Class members is in the tens of thousands and that members of the Class are geographically dispersed across New York. While the exact number and identities of the Class members are unknown at this time, such information can be ascertained through appropriate investigation and discovery.

66. Common questions of law and fact exist as to all members of the Class, and these common questions predominate over any questions affecting only individual members of the Class. These common legal and factual questions, which do not vary from Class member to Class member,

and which may be determined without reference to the individual circumstances of any Class member include, but are not limited to, the following:

- Whether Defendants' misleading statements and material omissions in enrolling and charging Amazon customers for an Audible membership they did not want, request, or use violated GBL § 349 and GBL § 350;

- Whether Defendants caused injury to Plaintiff and other Class members; and

- What is the scope of injunctive relief that should be imposed against Defendants to prevent such conduct in the future.

67. Plaintiff's claims are typical of those of the Class because, like all members of the Class, she was unknowingly enrolled in and paid for an Audible membership she did not want, request, or use, and she sustained injury from Defendants' wrongful conduct.

68. Plaintiff will fairly and adequately protect the interests of the Class and has retained counsel who are experienced in litigating complex class actions. Plaintiff has no interests that conflict with those of the Class.

69. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Individual joinder of all members of the Class is impracticable. Even if individual members of the Class had the resources to pursue individual litigation, it would be unduly burdensome to the courts in which the individual litigation would proceed. Individual litigation magnifies the delay and expense to all parties in the court system of resolving the controversies engendered by Defendants' common course of conduct. The class action device allows a single court to provide the benefits of unitary adjudication, judicial economy, and the fair and efficient handling of all Class members' claims in a single forum. The conduct of this action as a class action conserves the resources of the parties and of the judicial system and protects the rights of the Class. Furthermore, for many, if not

most, a class action is the only feasible mechanism that allows an opportunity for legal redress and justice.

70. This action is maintainable as a class action under the Federal Rules of Civil Procedure 23(b)(2) for injunctive relief because Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief respecting the Class as a whole.

71. This action is maintainable as a class action under Federal Rules of Civil Procedure 23(b)(3) because the common questions of law and fact identified above, without limitation, predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### VIOLATION OF GBL § 349

**(On Behalf of Plaintiff and Other Class Members)**

72. Plaintiff repeats and realleges each and every allegation contained in all the foregoing paragraphs as if fully set forth herein.

73. GBL § 349 declares unlawful "[d]eceptive acts or practices in the conduct of any business, trade, or commerce or in the furnishing of any service in this state . . . ."

74. The conduct of Defendants with respect to enrolling and charging Amazon customers for a membership to Audible constitutes recurring, "unlawful" deceptive acts and practices in violation of GBL § 349, and, as such, Plaintiff and the other Class members seek monetary damages and the entry of preliminary and permanent injunctive relief against Defendants.

75. Defendants' improper consumer-oriented conduct is deceptive in a material way in that Plaintiff and other Class members were enrolled in a membership to Audible that they did not want,

know about, authorize, or use.

76. Defendants committed their deceptive acts and practices willfully, wantonly, and with reckless disregard for the truth.

77. Plaintiff and other Class members have been injured by Defendants' deceptive acts and practices by being enrolled and charged on a monthly basis for a membership to Audible that they did not want, know about, authorize, or use.

78. As a result of Defendants' recurring deceptive acts and practices in violation of GBL § 349, Plaintiff and other Class members are entitled to monetary and compensatory damages, injunctive relief, restitution, and disgorgement of all moneys obtained by means of Defendants' unlawful conduct, interest, and attorneys' fees and costs. This includes actual damages under GBL § 349, as well as statutory damages of $50 per improper charge pursuant to GBL § 349 and increased statutory penalties.

## SECOND CAUSE OF ACTION
## VIOLATION OF GBL § 350

**(On Behalf of Plaintiff and Other Class Members)**

79. Plaintiff repeats and realleges each and every allegation contained in all the foregoing paragraphs as if fully set forth herein.

80. GBL § 350 provides, in part, as follows:

> False advertising in the conduct of any business, trade or commerce or in the furnishing of any service in this state is hereby declared unlawful.

81. GBL § 350a(1) provides, in relevant part, as follows:

> The term 'false advertising," means advertising including labeling, of a commodity . . . if such advertising is misleading in a material respect. In determining whether any advertising is misleading, there shall be taken into account (among other things) not only representations made by statement, word,

First Amended Class Action Complaint
Case No. 2:22-cv-02384-KAM-SIL
16

design, device, sound or any combination thereof, but also the extent to which the advertising fails to reveal facts material in the light of such representations with respect to the commodity . . . under the conditions proscribed in said advertisement, or under such conditions as are customary or usual.

82. Defendants made misleading statements and material omissions concerning "credits" to Amazon customers and the use of those "credits" by Amazon customers for audiobooks.

83. Plaintiff and other Class members have been injured because they relied upon Defendants' misleading representations and material omissions and were charged for a membership to Audible that they did not want, know about, authorize, or use.

84. Defendants made the misleading representations and material omissions willfully, wantonly, and with reckless disregard for the truth.

85. Defendants' material misrepresentations and omissions were substantially uniform in content, presentation, and impact upon consumers at large. Moreover, all consumers who were unknowingly signed up and charged for Audible membership were and continue to be exposed to Defendants' material misrepresentations and omissions.

86. As a result of Defendants' recurring, acts, and practices in violation of GBL § 350, Plaintiff and other Class members are entitled to monetary and compensatory damages, injunctive relief, restitution, and disgorgement of all moneys obtained by means of Defendants' unlawful conduct, interest, and attorneys' fees and costs. This includes actual damages under GBL § 350 as well as statutory damages of $500 per improper charge pursuant to GBL § 350 and increased statutory penalties.

**THIRD CAUSE OF ACTION**
**UNJUST ENRICHMENT**
**(On Behalf of Plaintiff and Other Class Members)**

87. Plaintiff repeats and realleges each and every allegation contained in all the foregoing

paragraphs as if fully set forth herein.

88. Defendants unjustly obtained monies from Plaintiff and other Class members to their detriment. Plaintiff and Class members seek restitution and disgorgement of such inequitably obtained monies.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for judgment:

1. Declaring this a proper class action and certifying Plaintiff as the class representative and the undersigned as counsel for the Class;

2. Declaring that Defendants are financially responsible for notifying the Class members of the pendency of this suit;

3. Entering preliminary and permanent injunctive relief by directing Defendants to correct practices to comply with the law;

4. Awarding statutory damages and interest;

5. Awarding actual damages and interest;

6. Awarding restitution and disgorgement of unjustly obtained monies;

7. Awarding punitive damages;

8. Awarding costs and expenses, including reasonable fees for Plaintiff's attorneys and experts; and

9. Such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a jury trial on all issues.

Dated: March 23, 2023                    Respectfully submitted,

**REESE LLP**

*/s/ Sue J. Nam*
Sue J. Nam
*snam@reesellp.com*
Michael R. Reese
*mreese@reesellp.com*
100 West 93rd Street, 16th Floor
New York, New York 10025
Telephone: (212) 643-0500


**REESE LLP**
Charles D. Moore
*cmoore@reesellp.com*
100 South 5th Street, Suite 1900
Minneapolis, Minnesota 55412
Telephone: (212) 643-0500

*Counsel for Plaintiff
and the Proposed Class*